T.C. Memo. 2002-230

UNITED STATES TAX COURT

ROWLAND G. AND VALERIE J. PILARIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7788-01.                    Filed September 16, 2002.

<u>John W. Ambrecht</u> and <u>Gregory Arnold</u>, for petitioners.

<u>Elaine T. Fuller</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on petitioners' motion for partial summary judgment
pursuant to Rule 121(a).[1]  Petitioners contend that there is no

---

[1]  Rule references are to the Tax Court Rules of Practice
and Procedure.  Unless otherwise indicated, section references
are to the Internal Revenue Code as amended and in effect during
the year in issue.

dispute as to a material fact and that they are entitled to partial summary judgment as a matter of law. In particular, petitioners contend that the general 3-year period of limitations under section 6501(a) bars the assessment of any deficiency attributable to respondent's determination that the property that petitioners sold in 1995 was not their "principal residence". Respondent objects to petitioners' motion on the ground that the assessment of the deficiency, which is attributable in its entirety to gain that petitioners realized on the sale of their purported principal residence, is subject to the period of limitations set forth in section 1034(j)--a period that respondent contends remained open on the date the notice of deficiency was issued to petitioners.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988);

Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving
party bears the burden of proving that there is no genuine issue
of material fact, and factual inferences will be read in a manner
most favorable to the party opposing summary judgment.  Dahlstrom
v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v.
Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that there is no genuine issue as to any
material fact and that a decision may be rendered as a matter of
law with regard to the period of limitations that is applicable
in this case.  As explained in detail below, we shall deny
petitioners' motion for partial summary judgment.

Background

On August 26, 1996, petitioners filed a joint Form 1040,
U.S. Individual Income Tax Return, for 1995.  Petitioners' 1995
tax return included a Form 2119, Sale of Your Home.[2]  Petitioners
reported in part I of the Form 2119 that they:  (1) Sold their
"main home" in Solvang, California (the Solvang property), on
August 4, 1995; (2) realized a gain of $511,587 on the sale of
the Solvang property; and (3) had not purchased or built a new
main home.  Part I, line 9 of the Form 2119 asked in pertinent
part: "If you haven't replaced your home, do you plan to do so

---

[2]  The Form 2119 consisted of three distinct parts:
Part I--Gain on Sale; Part II--One-Time Exclusion of Gain for
People Age 55 or Older; and Part III--Adjusted Sales Price,
Taxable Gain, and Adjusted Basis of New Home.

within the replacement period?" Petitioners checked the box on line 9 labeled "Yes". The Form 2119 further stated: "If line 9 is 'Yes,' stop here, attach this form to your return, and see Additional Filing Requirements." Petitioners did not make any additional entries on the remainder of the Form 2119.

On May 26, 1998, petitioners filed with respondent a second Form 2119. In part I of the Form 2119 petitioners reported that they: (1) Sold the Solvang property on August 4, 1995; (2) realized a gain of $508,285 on the sale; and (3) purchased a new main home on July 18, 1997, at a cost of $480,536. Petitioners completed part II of the Form 2119 electing the one-time exclusion of $125,000 of gain on the sale of a principal residence for people age 55 or older under section 121. Petitioners also completed part III of the Form 2119 deferring recognition of the remaining $383,285 of gain (i.e., $508,285 minus $125,000) under section 1034.

On March 20, 2001, respondent issued to petitioners a notice of deficiency for 1995. In the notice, respondent determined that petitioners were liable for a tax deficiency of $148,415, an accuracy-related penalty under section 6662(a) of $29,683, and an addition to tax under section 6651(a)(1) of $7,200.75. In particular, respondent determined that the gain that petitioners realized upon the sale of the Solvang property was required to be

included in their gross income and subject to tax for 1995.[3]
Respondent concluded that petitioners were not eligible for the
tax benefits of section 121 or section 1034 because the Solvang
property was not their principal residence at the time it was
sold.

Petitioners filed with the Court a joint petition for
redetermination.  The petition included the allegation that
respondent's determination that the Solvang property was not
petitioners' principal residence at the time it was sold is
barred by the general 3-year period of limitations under section
6501(a).  Respondent filed an answer to the petition including
the allegation that the deficiency, which is attributable to
respondent's determination that the gain that petitioners
realized on the sale of the Solvang property was includable in
their gross income for 1995, is subject to the period of
limitations prescribed in section 1034(j).

As indicated, petitioners filed a motion for partial summary
judgment, to which respondent filed an objection.  The matter was
called for hearing at the Court's motions session in Washington,
D.C.  Counsel for respondent appeared at the hearing and offered

[3] Respondent determined that petitioners were required to
report a gain of $428,087 on the sale of the Solvang property as
follows:  Sale price ($530,000) minus expenses of sale ($18,413)
minus adjusted basis ($83,500).  As a consequence of the increase
in petitioners' adjusted gross income, petitioners were subject
to related adjustments attributable to the phase-out of personal
exemptions and itemized deductions.

argument in opposition to petitioners' motion.  Although no appearance was made by or on behalf of petitioners at the hearing, petitioners filed a reply to respondent's objection which they offered to the Court as a statement in lieu of appearance.  See Rule 50(c).

Following the hearing, the parties filed a stipulation, petitioners filed a memorandum, respondent filed a supplemental objection to petitioners' motion, and petitioners filed a response to respondent's supplemental objection.

## Discussion

### A.  Tax Benefits Related to Sales/Exchanges of a Principal Residence

Beginning with the enactment of section 112(n) under the Revenue Act of 1951, ch. 521, sec. 318, 65 Stat. 452, 494, Congress has taken steps to diminish the impact of the Federal income tax on gain arising from the sale or exchange of a taxpayer's principal residence.  Section 112(n) (a predecessor to section 1034)[4] provided that a taxpayer would not have to recognize a portion of the gain realized upon the sale or exchange of his principal residence if, within a specified period, the taxpayer purchased a new principal residence at a cost equal to or exceeding the selling price of the old residence.  Section 112(n) did not provide an outright exclusion

---

[4]  Sec. 112(n) was recodified as sec. 1034 under the Internal Revenue Code of 1954, ch. 736, 68A Stat. 306.

of the gain realized upon the sale or exchange of a taxpayer's principal residence but rather acted as a means for tax deferral. In particular, a taxpayer seeking to defer recognition of gain under section 112(n) was required to reduce his basis in the new residence by an amount equal to the gain not recognized on the sale or exchange of the old residence.

Several years after the enactment of section 112(n), Congress passed legislation designed to provide an additional tax benefit to older taxpayers selling or exchanging a principal residence. Recognizing that older taxpayers "may desire to purchase a less expensive home or move to an apartment or to a rental property" and that such taxpayers might "require some or all of the funds obtained from the sale of the old residence to meet * * * living expenses", S. Rept. 830, 88th Cong., 2d Sess. 51 (1964), 1964-1 C.B. (Part 2) 505, 555, Congress enacted section 121 under the Revenue Act of 1964, Pub. L. 88-272, sec. 206, 78 Stat. 19, 38, allowing older taxpayers to exclude from gross income a portion of the gain realized on the sale or exchange of a principal residence.

B. Section 1034

Section 1034, Rollover Of Gain On Sale Of Principal Residence, provides in pertinent part:

    SEC. 1034(a). Nonrecognition of Gain.--If property
(in this section called "old residence") used by the
taxpayer as his principal residence is sold by him and,
within a period beginning 2 years before the date of

such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

In sum, gain realized upon the sale of a taxpayer's principal residence is subject to deferral under section 1034(a) if the taxpayer acquires a new principal residence (at a cost equal to or exceeding the sale price of the old residence) within the 2-year period preceding or following the sale of the old residence.

Section 1034(j) provides an extended period for the assessment of a deficiency attributable to any gain realized on the sale or exchange of a taxpayer's principal residence. In contrast to section 6501(a), which provides that the period of limitations on assessment generally expires 3 years after a tax return is filed, section 1034(j) provides:

SEC. 1034(j). Statute of Limitations.--If the taxpayer during a taxable year sells at a gain property used by him as his principal residence, then--

(1) the statutory period for the assessment of any deficiency attributable to any part of such gain shall not expire before the expiration of 3 years from the date the Secretary is notified by the taxpayer (in such manner as the Secretary may by regulations prescribe) of--

(A) the taxpayer's cost of purchasing the new residence which the taxpayer claims results in nonrecognition of any part of such gain,

(B) the taxpayer's intention not to purchase a new residence within the period specified in subsection (a), or

(C) a failure to make such purchase within such period; and

(2) such deficiency may be assessed before the expiration of such 3-year period notwithstanding the provisions of any other law or rule of law which would otherwise prevent such assessment.

Thus, the statutory period for the assessment of any deficiency attributable to any part of the gain realized on the sale or exchange of a taxpayer's principal residence will not expire until 3 years after the Commissioner is notified of:  (1) The taxpayer's purchase of a new residence; (2) the taxpayer's intention not to purchase a new residence within the period specified in section 1034(a); or (3) the taxpayer's failure to purchase a new residence within the period specified in section 1034(a).

Section 1034(l) provides a cross-reference to the one-time exclusion of gain under section 121.

C.  Section 121

Section 121, One-Time Exclusion Of Gain From Sale Of Principal Residence By Individual Who Has Attained Age 55, provides in pertinent part:

SEC. 121(a). General Rule.--At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if--

(1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and

(2) during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more.

Section 121(b)(1) limits the amount of the exclusion to $125,000 or $62,500 in the case of a separate return by a married taxpayer.

Section 121(c) describes the process for making an election under the provision in pertinent part as follows:

SEC. 121(c). Election.--An election under subsection (a) may be made or revoked at any time before the expiration of the period for making a claim for credit or refund of the tax imposed by this chapter for the taxable year in which the sale or exchange occurred, and shall be made or revoked in such manner as the Secretary shall by regulations prescribe. * * *[5]

Unlike section 1034, section 121 does not contain a separate provision for the period of limitations on assessment. We

_____

[5] In conjunction with sec. 121(c), we observe that sec. 6511(a) provides in pertinent part:

SEC. 6511(a). Period of Limitation on Filing Claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

further observe that there is no direct reference to section 121 in section 6501. However, paragraph (4) of section 6504, titled "Cross References", provides: "For limitation period in case of-- * * * (4) Gain upon sale or exchange of principal residence, see section 1034(j)."

D. <u>Current Law</u>

As an epilogue to the preceding discussion, section 121 was amended, and section 1034 was repealed, under the Taxpayer Relief Act of 1997 (TRA), Pub. L. 105-34, sec. 312(a) and (b), 111 Stat. 836, 839, generally effective with respect to sales and exchanges after May 6, 1997. TRA section 312(a) and (b) provides that all taxpayers may elect to exclude from gross income up to $250,000 of gain ($500,000 for joint filers) realized on the sale or exchange of a principal residence.

E. <u>The Parties' Positions</u>

Petitioners do not dispute that the period of limitations under section 1034(j) would apply to a determination that the new residence that they purchased in 1997 does not qualify as their principal residence within the meaning of section 1034. However, petitioners assert that the general 3-year period of limitations under section 6501(a) bars respondent from determining that the old residence (the Solvang property) was not their principal residence under section 121 or section 1034. Petitioners contend that the general 3-year period of limitations expired in this

case inasmuch as petitioners reported the sale of the Solvang property on the Form 2119 attached to their 1995 Federal income tax return which was filed more than 3 years before the issuance of the notice of deficiency. Respondent counters that: (1) Section 1034(j) prescribes the period for the assessment of the deficiency--a deficiency which is attributable to gain realized by petitioners upon the sale of property that they characterized as their principal residence; and (2) that period remained open as of the date that the notice of deficiency was mailed to petitioners.

F.  Analysis

The deficiency in this case is attributable in its entirety to respondent's determination that petitioners' gross income for 1995 included the gain that petitioners realized upon the sale of what they characterized as their principal residence. Consistent with the plain language of section 1034(j) and section 6504(4), we hold that the period of limitations set forth in section 1034(j) governs the assessment of the deficiency in this case. Because we conclude that the period of limitations remained open at the time the notice of deficiency was issued to petitioners, we shall deny petitioners' motion for partial summary judgment.

A portion of the gain from a sale or exchange of property qualifies for exclusion from gross income under section 121 if the property was owned and used by the taxpayer as his principal

residence for periods aggregating 3 years or more of the 5-year period ending on the date of the sale or exchange and if the taxpayer attained the age of 55 before the date of the transaction. Gain from a sale or exchange of property is subject to deferral under section 1034 if the property was used by the taxpayer as his principal residence and the taxpayer acquires a new principal residence within the 2-year period preceding or following the sale of the old residence.

Just as section 1034(a) grants the taxpayer an extended period to complete a section 1034 transaction with the acquisition or construction of a new residence, section 1034(j) in turn grants the Commissioner an extended period of time within which to assess any deficiency attributable to gain from the sale or exchange property that the taxpayer has characterized as his principal residence.

Contrary to petitioners' position, the statutory scheme does not suggest that Congress intended bifurcated examinations of section 1034 transactions. In other words, rather than require the Commissioner to conduct one examination to determine whether the property sold was the taxpayer's principal residence and a second examination to determine whether the property purchased qualifies as a new principal residence, section 1034(j) permits the Commissioner to examine all aspects of the transaction at once. In this regard, section 1034(j)(1) plainly provides that

the period of limitations set forth therein applies to "the assessment of any deficiency attributable to any part of such gain".

Consistent with section 1034(j)(1), subsection (j)(2) provides that the period of limitations shall apply "notwithstanding the provisions of any other law or rule of law which would otherwise prevent such assessment." As we see it, if (as petitioners maintain) Congress intended for the general 3-year period of limitations under section 6501(a) to apply to assessments attributable to the Commissioner's determination that a property sold by a taxpayer was not his principal residence, Congress would have qualified the language of section 1034(j) so that it did not preempt the more general rules of section 6501(a). In the absence of such qualifying language, our holding that the period of limitations under section 1034(j) governs the assessment of the deficiency in this case conforms with the basic principle of statutory construction that a specific statute controls over a general provision. See, e.g., <u>Bulova Watch Co. v. United States</u>, 365 U.S. 753, 758 (1961).

Our holding also comports with the legislative history of section 1034. H. Rept. 586, 82d Cong., 1st Sess. 108-114 (1951), 1951-2 C.B. 357, 406, 435-439, contains a section titled "Detailed Discussion Of The Technical Provisions Of The Bill",

which includes the following explanation regarding former section

112(n):

> Whether or not property is used by the taxpayer as his residence, and whether or not property is used by the taxpayer as his principal residence (in the case of a taxpayer using more than one place of residence), depends upon all of the facts and circumstances in each individual case, including the bona fides of the taxpayer. The term "residence" is used in contradistinction to property used in trade or business and property held for the production of income. Nevertheless, the mere fact that the taxpayer temporarily rents out either the old or the new residence may not, in the light of all the facts and circumstances in the case, prevent the gain from being not recognized. * * *

> Where part of a property is used by the taxpayer as his principal residence and part is used for business purposes or in the production of income * * * allocation must be made to determine the extent to which the new subsection applies. If the old residence is used only partially for residential purposes, a proper allocation of the gain and of the selling price is necessary; only that part of the gain allocable to the residential portion may be not recognized under the new subsection and only so much of the selling price as is allocable to such part of the property need be reinvested in the new residence.

> *   *   *   *   *   *   *

> Whenever a taxpayer sells property used as his principal residence at a gain the statutory period prescribed in section 275 [a predecessor to section 6501] of the Code for the assessment of any deficiency attributable to any part of such gain will not expire prior to the expiration of 3 years from the date the Secretary is notified by the taxpayer, in accordance with such regulations as the Secretary may prescribe, of the cost of purchasing the new residence which the taxpayer claims results in the nonrecognition of any part of such gain, or of the taxpayer's intention not to, or failure to, purchase a new residence within the period when such a purchase will result in the nonrecognition of any part of such gain. Such a

> deficiency may be assessed prior to the expiration of such 3-year period notwithstanding the provisions of any other law or rule of law which might otherwise bar such assessment.

S. Rept. 781, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 458, 566-570 does not differ in any material respect from the House report quoted above.

Significantly, the legislative history quoted above does not distinguish between the period of limitations applicable to the Commissioner's determinations pertaining to the status of a taxpayer's old residence and the period of limitations applicable to the Commissioner's determinations pertaining to status of the taxpayer's new residence. That factor, considered in conjunction with the statement in the legislative history excepting such transactions from the general 3-year period of limitations, leads us to conclude that Congress intended that the question of the status of the taxpayer's old residence would be subject to the period of limitations prescribed in section 1034(j).

Our holding that the period of limitations set forth in section 1034(j) is controlling in this matter is equally applicable to respondent's determination to disallow petitioners' election to exclude $125,000 of the gain realized on the sale of the Solvang property from gross income under section 121. Although there is no provision for a period of limitations in section 121, nor a specific reference to section 121 within the general 3-year period of limitations under section 6501, section

6504(4) provides that the period of limitations for gain upon the sale or exchange of a taxpayer's principal residence is to be found under section 1034(j).

Reading section 1034(j) as a whole, we understand that the provision integrates the period of limitations for taxpayers who elect the tax benefits of section 121 and section 1034, either singly or in combination. In particular, when a taxpayer notifies the Commissioner that he has sold his principal residence, and he does not intend to purchase a new principal residence within the statutory replacement period, section 1034(j)(1)(B) provides that the period of limitations on assessment will expire 3 years from the date that notice is filed. Consistent with this provision, Form 2119 is arranged so that the taxpayer may immediately elect to exclude up to $125,000 of gain from gross income under section 121, as appropriate. On the other hand, if a taxpayer notifies the Commissioner that he has sold his principal residence and he intends to purchase a new principal residence within the statutory replacement period, section 1034(j)(1)(A) and (C) provides that the period of limitations on assessment will expire 3 years from the date the taxpayer notifies the Commissioner: (1) Of the purchase price of the taxpayer's new principal residence or (2) the taxpayer's failure to purchase a new principal residence within the statutory replacement period. Consistent with these provisions,

Form 2119 is arranged so that such taxpayers are not required to include any portion of the gain realized on the transaction in their gross income, and they may postpone making an election under section 121.[6]  However, such taxpayers are directed to comply with additional filing requirements; i.e., to file a second Form 2119.  A taxpayer that files a second Form 2119 reporting the purchase of a new principal residence within the statutory replacement period is permitted to make the election to exclude up to $125,000 of gain under section 121 and/or to defer recognition of gain under section 1034, as appropriate.[7]

Petitioners in the instant case reported on their original Form 2119, filed August 26, 1996, that they realized gain on the sale of the Solvang property and that they intended to purchase a new principal residence within the statutory replacement period. As a result, petitioners were not required to (and did not) include any of the gain in their gross income for 1995, nor did they make an election to exclude any portion of the gain from

---

[6]  Form 2119 allows taxpayers who may be eligible for the tax benefits of sec. 121 and sec. 1034 in tandem the advantage of delaying their election to use the one-time exclusion of gain under sec. 121 until they have purchased a new principal residence and are able to determine whether they qualify to defer recognition of some or all of the gain under sec. 1034.

[7]  When a taxpayer qualifies for the tax benefits of both sec. 121 and sec. 1034, in effect the first $125,000 of gain is excluded under sec. 121, with the balance (to the extent invested in a replacement residence) subject to deferral under sec. 1034. See sec. 121(d)(7).

gross income under section 121. However, on their second Form 2119, filed May 26, 1998, petitioners reported the purchase price of their new principal residence and notified respondent of their election to exclude $125,000 of gain under section 121 and to defer recognition of the balance of the gain under section 1034.

Under the circumstances, the filing of petitioners' second Form 2119 on May 26, 1998, satisfied the notice requirement under section 1034(j)(1)(A) and initiated the running of the 3-year period of limitations on assessment with regard to both petitioners' election to exclude $125,000 of gain from their gross income under section 121 and their claim to defer recognition of the balance of the gain under section 1034(a). See sec. 1.1034-1(i)(2), Income Tax Regs. It follows that the 3-year period of limitations remained open on March 20, 2001--the date the notice of deficiency in this case was issued to petitioners.

Consistent with the foregoing, we shall deny petitioners' motion for partial summary judgment. To reflect the foregoing,

<u>An order will be issued denying petitioners' motion for partial summary judgment</u>.